UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC **FILED**
DEC 20 2007
Dec-20 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| RICHARD INCANDELA, | ) |
| Plaintiff, | ) |
| vs. | ) No.: 07 C 7051 |
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, | ) |
| Defendant. | ) |

## NOTICE OF FILING

To:   Andrew K. Miller
      Jennifer A. Kunze
      **THE MILLER LAW GROUP, LLC**
      15 Spinning Wheel Road
      Suite 210
      Hinsdale, Illinois 60521
      *Attorneys for Plaintiff*

**PLEASE TAKE NOTICE** that on December 20, 2007, Defendant Great-West Life & Annuity Ins. Co. filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, **Defendant's Answer and Defenses to Plaintiff's Complaint**, a copy of which is hereby served on you.

Respectfully Submitted,

WALKER WILCOX MATOUSEK LLP

By: _____
James W. Kienzle, Attorney for
Defendant,
GREAT-WEST LIFE & ANNUITY
INSURANCE COMPANY

Firm No. 41812

{File: 00049536.DOC /}

Robert P. Arnold, Esq.
James W. Kienzle, Esq.
**WALKER WILCOX MATOUSEK LLP**
225 West Washington St.
24th Floor
Chicago, Illinois 60606
Phone: (312) 244-6700
Fax:    (312) 244-6800

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC FILED
DEC 20 2007
Dec 20 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RICHARD INCANDELA, )
)
Plaintiff, )
vs. ) No.: 07 C 7051
)
GREAT-WEST LIFE & ANNUITY )
INSURANCE COMPANY, )
)
Defendant. )
)

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, Great-West Life & Annuity Insurance Co. ("Great-West"), by and through its attorneys, Walker Wilcox Matousek LLP, and for its Answer and Defenses to Plaintiff's Complaint for Declaratory Relief, states as follows:

### NATURE OF THE ACTION

1. This action for declaratory relief is filed pursuant to 735 ILCS 5/2-701 to determine questions of insurance coverage issued by The Great-West Life Assurance Company ("Great-West") to Richard Incandela ("Incandela"). Great-West denies that it has any obligation to reinstate Incandela's policy of insurance. An actual, justiciable controversy exists between Great-West and Incandela involving the rights and obligations of the parties under Incandela's policy.

**Answer:** Great-West admits that it has denied that it has any obligation to reinstate the life insurance policy issued by Great-West to Plaintiff at issue in this declaratory judgment action. The remaining allegations in Paragraph 1 contain legal conclusions to which no response is required. However, to the extent that any of the allegations contained in this paragraph may be construed to require a response, Great-West denies them.

### PARTIES

2. Plaintiff Incandela is a citizen and resident of the State of Illinois.

**Answer:** Great-West admits the allegations of Paragraph 2.

3. Upon information and belief, Defendant Great-West is a foreign corporation licensed to conduct business in the State of Illinois and does in fact conduct business in the State of Illinois.

**Answer:** Great-West admits the allegations of Paragraph 3.

## JURISDICTION

4. This Court has jurisdiction over this matter as it is based upon Illinois common law and the Plaintiff is a resident and citizen of the State of Illinois. Venue is proper in Cook County, Illinois pursuant to 735 ILCS 5/2-101 because the transaction out of which this cause of action set forth herein arose in occurred in Cook County, Illinois.

**Answer:** The allegations in Paragraph 4 contain legal conclusions to which no response is required. However, to the extent that any of the allegations contained in this paragraph may require a response, Great-West denies that the Circuit Court of Cook County has jurisdiction over this matter because Great-West has properly removed this action to the United States District Court for the Northern District of Illinois, Eastern Division based upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a).

## POLICY

5. Great-West provided a life insurance policy to Incandela under the following policy.

| POLICY NUMBER | EFFECTIVE DATE | FACE AMOUNT |
|---|---|---|
| 4183333 | June 1, 1988 | $1,750,000.00 |

**Answer:** Great-West admits the allegations of Paragraph 5 and avers that the face amount was subject to reduction for outstanding loan balances.

5. The relevant policy language provides, in relevant part:

**GRACE PERIOD**

The first day of each month is the due date for any premium needed for that month. Except for the first premium:

- If the amount in the Policy Value Account, less than any outstanding policy loans, on the date day of a month is not sufficient to cover the monthly deduction for the Cost of Insurance for the next month, a grace period of 60 days will be allowed for the payment of a sufficient amount; or
- If the premium payments required by the continuation of insurance provision on Page 11 are not met, then a grace period of 60 days will be allowed for the payment of a sufficient amount.

Coverage will remain in force during the grace period. If the premium due is not paid within the grace period and if there is no cash value, all coverage under this policy will cease at the end of the 60 day period. If premium due it no paid within the grace period and there is a cash value, all coverage under this policy will continue as a paid-up policy as described in the Nonforfeiture Benefit provision.

Notice of such premium will be mailed to the Owner and any assignee of record **at least 31 days** prior to the date coverage will cease.

**REINSTATEMENT**

This policy may be reinstated within 3 years after coverage ceased unless it had been surrendered.

The Company must receive:

- A written request, signed by the Owner, for reinstatement;
- Evidence of insurability for the Insured and any other person covered by rider;
- Payment of the Cost of Insurance for the grace period;
- Payment of an amount equal to 4 months' Cost of Insurance plus $20.00. Such payment less the expense charge will be credited to the Policy Value Account as of the date of reinstatement; and
- Payment or reinstatement of any policy loan which was outstanding as of the date the coverage ceased, including interest thereon.

**Answer**:  Great-West admits the allegations of this paragraph (incorrectly numbered as a second consecutive "Paragraph 5") to the extent it accurately quotes certain language from the policy, the terms of which speak for themselves, but denies any allegations inconsistent with the terms of the policy.

## COUNT I

## BREACH OF CONTRACT

1-5.    Incandela repeats and realleges paragraphs 1-5 as though fully set forth and incorporated herein.

**Answer**:    In response to "Paragraph 1-5" (sic) of the Complaint, Great-West hereby realleges and incorporates, as if fully set forth herein, its answers to paragraphs 1 through 5, including the additional paragraph incorrectly numbered "Paragraph 5" of the Complaint.

6.    The monthly premiums on the life insurance policy issued to Incandela name Sharon Incandela Trustee as the Owner. There are no assignees on this policy.

**Answer**:    In response to Paragraph 6, Great-West admits that Sharon Incandela Trustee is designated as the owner of the policy and that there are no assignees. Great-West does not understand what Plaintiff means by the monthly premiums naming Ms. Incandela and on that basis denies the allegation concerning monthly premiums.

7.    On April 30, 2007 the Owner received written notice that since sufficient premium had not been received and that the policy had terminated on March 1, 2007 (sic). This was the first notice the Owner had received regarding notice of termination.

**Answer**:    Great-West admits that a notice was generated on April 30, 2007 which informed the Owner that the policy had terminated as alleged and that this notice was received by the Owner at or about that time. The remaining allegations of paragraph 7 are denied.

8.    The Great-West policy language clearly provides that if the premium is not paid within the grace period, coverage will terminate at the end of the 60 day period. The policy further states that notice of such termination will be mailed to the Owner and any assignee of record *at least 31 days* prior to the date coverage will cease. *See* Great-West Insurance Policy, attached hereto as Exhibit A.

**Answer**:    Great-West admits the allegations of paragraph 8 to the extent they are consistent with the terms of the policy which speak for themselves, and to the extent of any inconsistency the allegations are denied.

{File: 00049495.DOC /}

9. Great-West failed to provide written notification that sufficient premiums had not been paid and as a result the policy would terminate on March 1, 2007.

**Answer:** Great-West denies the allegations of Paragraph 9.

10. On May 25, 2007 the Incandela Family Trust submitted a check payable to Great-West in the amount of $22,022.21 to cover any outstanding premiums and submitted an application to reinstate the policy as directed by Great-West.

**Answer:** Great-West admits the allegations of paragraph 10.

11. On July 11, 2007, Great-West denied Incandela's application for reinstatement.

**Answer:** Great-West admits the allegations of Paragraph 11.

12. As a result of Great-West's failure to provide written notice that sufficient premium had not been received; Incandela was not provided an opportunity to submit payment to rectify the outstanding premiums and was wrongfully denied reinstatement.

**Answer:** Great-West denies the allegations of Paragraph 12.

13. Great-West denies any allegations not specifically admitted or denied elsewhere herein.

14. Great-West denies that Plaintiff is entitled to any relief sought in the Complaint.

### DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred or reduced based on the principle of estoppel.

3. Plaintiff's claims fail due to a failure of consideration.

4. The Complaint should be dismissed for failure to join a necessary and indispensable party.

5. No justiciable controversy is presented because Plaintiff lacks standing to pursue the claims raised in the Complaint.

6. Plaintiff failed to satisfy conditions precedent to coverage by the failure to have premiums necessary to maintain coverage submitted to Great-West and by the failure to medically qualify for reinstatement of the automatically terminated coverage.

7. Plaintiff's claims are barred or reduced based on the principle of waiver.

WHEREFORE, Defendant Great-West requests that the Complaint be dismissed, that it be awarded its costs and attorney fees incurred in defense thereof and that it be awarded any further relief that is appropriate under the circumstances.

> GREAT-WEST LIFE & ANNUITY
> INSURANCE COMPANY
>
> By: _____
> One of its Attorneys

Firm No. 41812
WALKER WILCOX MATOUSEK LLP
225 West Washington Street
Suite 2400
Chicago, IL 60606
312-244-6700
(Robert P. Arnold)
(James W. Kienzle)

{File: 00049495.DOC /}

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD INCANDELA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GREAT-WEST LIFE & ANNUITY )<br>INSURANCE COMPANY, )<br>)<br>Defendant. )<br>) | No.: 07 C 7051 |

### CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Defendant's Answer and Defenses to Plaintiff's Complaint** was served upon counsel of record by forwarding a copy of same to their addresses, listed below, on this 20th day of December 2007:

Andrew K. Miller
Jennifer A. Kunze
**THE MILLER LAW GROUP, LLC**
15 Spinning Wheel Road
Suite 210
Hinsdale, Illinois 60521
*Attorneys for Plaintiff*

_____
James W. Kienzle

Firm No. 41812
WALKER WILCOX MATOUSEK LLP
225 West Washington Street
Suite 2400
Chicago, IL 60606
312-244-6700
(Robert P. Arnold)
(James W. Kienzle)

{File: 00049495.DOC /}