UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF ILLINOIS
EASTERN DIVISION
07 CV 7051

| | |
|---|---|
| RICHARD INCANDELA | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY | ) ) ) |
| Defendant. | ) |

**AMENDED COMPLAINT FOR DECLARATORY RELIEF**

NOW COMES the plaintiff, RICHARD INCANDELA, by and through his attorneys, THE MILLER LAW GROUP, LLC and for his amended complaint for declaratory relief, states as follows:

**NATURE OF THE ACTION**

1. This action for declaratory relief is filed pursuant to 735 ILCS 5/2-701 to determine questions of insurance coverage issued by The Great-West Life Assurance Company ("Great-West") to Richard Incandela ("Incandela"). Great-West denies that it has any obligation to reinstate Incandela's policy of insurance. An actual, justiciable controversy exists between Great-West and Incandela involving the rights and obligations of the parties under Incandela's policy.

**PARTIES**

2. Plaintiff Incandela is a citizen and resident of the State of Illinois.

3. Upon information and belief, Defendant Great-West is a Colorado corporation doing business in the State of Illinois, with its principal place of business in the State of Colorado.

EXHIBIT A

## JURISDICTION

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) in that the amount in controversy exceeds $75,000 and is between citizens of different states.

3.      Venue is proper pursuant to 28 U.S.C. § 1391 (b). On information and belief, plaintiffs resides in this judicial district and defendant transacts business in this judicial district, and the events giving rise to the claim occurred within the district of the United States District Court for the Northern District of Illinois, Eastern Division.

## POLICY

4.      Great-West provided a life insurance policy to Incandela under the following policy.

| POLICY NUMBER | EFFECTIVE DATE | FACE AMOUNT |
|---|---|---|
| 4183333 | June 1, 1988 | $1,750,000.00 |

4.      The relevant policy language provides, in relevant part:

## GRACE PERIOD

The first day of each month is the due date for any premium needed for that month. Except for the first premium:

- If the amount in the Policy Value Account, less than any outstanding policy loans, on the last day of a month is not sufficient to cover the monthly deduction for the Cost of Insurance for the next month, a grace period of 60 days will be allowed for the payment of a sufficient amount; or
- If the premium payments required by the continuation of insurance provision on Page 11 are not met, then a grace period of 60 days will be allowed for the payment of a sufficient amount.

Coverage will remain in force during the grace period. If the premium due is not paid within the grace period and if there is no cash value, all coverage under this policy will cease at the end of the 60 day period. If premium due is no paid within the grace period

and there is a cash value, all coverage under this policy will continue as a paid-up policy as described in the Nonforfeiture Benefit provision.

Notice of such premium will be mailed to the Owner and any assignee of record **at least 31 days** prior to the date coverage will cease.

## REINSTATEMENT

This policy may be reinstated within 3 years after coverage ceased unless it had been surrendered.

The Company must receive:
- A written request, signed by the Owner, for reinstatement;
- Evidence of insurability for the Insured and any other person covered by rider;
- Payment of the Cost of Insurance for the grace period;
- Payment of an amount equal to 4 months' Cost of Insurance plus $20.00. Such payment less the expense charge will be credited to the Policy Value Account as of the date of reinstatement; and
- Payment or reinstatement of any policy loan which was outstanding as of the date the coverage ceased, including interest thereon.

## COUNT I

## BREACH OF CONTRACT

1-5.   Incandela repeats and realleges paragraphs 1-5 of this complaint as and for paragraphs 1-5 of Count I as though fully set forth and incorporated herein.

6.   The policy issued to Incandela names Sharon Incandela Trustee as the Owner. There are no assignees on this policy.

7.   On April 30, 2007 the Owner received written notice that since sufficient premium had not been received and that the policy had terminated on March 1, 2007. This was the first notice the Owner had received regarding notice of termination.

8.   The Great-West policy language clearly provides that if the premium is not paid within the grace period, coverage will terminate at the end of the 60 day period.

3

The policy further states that notice of such termination will be mailed to the Owner and any assignee of record *at least 31 days* prior to the date coverage will cease. *See* Great-West Insurance Policy, attached hereto as Exhibit A.

9. Great-West failed to provide written notification that sufficient premiums had not been paid and as a result the policy would terminate on March 1, 2007.

10. On May 25, 2007 the Incandela Family Trust submitted a check payable to Great-West in the amount of $22,022.21 to cover any outstanding premiums and submitted an application to reinstate the policy as directed by Great-West.

11. On July 11, 2007, Great-West denied Incandela's application for reinstatement.

12. As a result of Great-West's failure to provide written notice that sufficient premium had not been received; Incandela was not provided an opportunity to submit payment to rectify the outstanding premiums and was wrongfully denied reinstatement.

13. Great-West breached its contract with Incandela failing to provide written notice that sufficient premium had not been received and by failing to reinstate the policy.

14. Great-West breached its contact with Incandela and thus acted in bad faith and with reckless disregard for Incandela's rights by failing to provide written notice that sufficient premium had not been received and by failing to reinstate the policy when it had no reasonable basis for denying the claim or knew or should have known that there was no basis for denial of the claim.

WHEREFORE, Incandela respectfully requests that this Honorable Court enter an order:

a) Finding and declaring that Great-West failed to provide sufficient written notice of the outstanding premiums owed and the date the policy was expected to terminate;

b) Finding and declaring that Great-West erroneously terminated Incandela's policy of insurance;

c) Finding and declaring that Great-West erroneously denied Incandela's request for reinstatement of the policy;

d) Finding and declaring that Great-West acted in bad faith when denying Incandela's request for reinstatement;

e) Reinstating the insurance policy effective as of the date of termination;

f) Finding and declaring that Great-West has continued insurance obligations to Incandela;

g) Granting Incandela relief under Section 155 of the Illinois Insurance Code, including attorney fees and costs plus the maximum penalty as provided under statute; and

h) Granting such other and additional relief as may be appropriate.

Respectfully submitted,
**The Miller Law Group, LLC**

By:   /s/: Jennifer A. Kunze
Jennifer A. Kunze
**THE MILLER LAW GROUP, LLC**
15 Spinning Wheel Road
Suite 210
Hinsdale, Illinois 60521
Telephone: (630) 655-0692
Facsimile: (630) 654-4894